COURT OF APPEALS OF VIRGINIA


Present:  Judges Koontz, Bray and Senior Judge Hodges


ALONZO E. MURPHY

v.   Record No. 2314-94-2                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
FRANK IX & SONS, INC.                         MAY 23, 1995
AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Edmund R. Michie; Michie, Hamlett, Lowry, Rasmussen &
          Tweel, on briefs), for appellant.

          (R. Ferrell Newman; Glenn S. Phelps; Thompson,
          Smithers, Newman & Wade, on brief), for appellees.


     Alonzo E. Murphy contends that the Workers' Compensation

Commission erred in finding that (1) it could not award permanent

partial disability benefits because Murphy was entitled to and

was receiving temporary total disability benefits under an open

award; and (2) Murphy failed to establish entitlement to

permanent partial disability benefits because he failed to prove

that he had reached maximum medical improvement.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     Code § 65.2-503(F)(1) provides that "[c]ompensation awarded

pursuant to this section shall be in addition to all other

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

compensation and shall be payable <u>after</u> payments for temporary total incapacity pursuant to § 65.2-500."  (Emphasis added.)

The commission denied Murphy an award of permanent partial disability benefits, finding that his case for permanency was premature because he was still receiving temporary total disability benefits under an open award.  Based upon the language of Code § 65.2-503(F)(1), we cannot say as a matter of law that the commission erred in finding that Murphy's claim for permanent partial disability was premature.  Moreover, pursuant to Code § 65.2-708(A), Murphy has "thirty-six months from the last day for which compensation was paid" for filing a claim payable under § 65.2-503.

Because our holding disposes of this appeal, we will not address the second question presented by Murphy.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>